(C. D. 741)

ARIS GLOVES, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided February 26, 1943)

*Mary Rehan* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard F. Weeks*, special attorney), for the defendant.

Before OLIVER, WALKER, and COLE, Judges

WALKER, Judge: The merchandise involved in this suit against the United States consists of women's gloves. It was assessed with duty by the collector at the rate of $4 per dozen pairs, plus $3.50 additional per dozen pairs under the provisions of paragraph 1532 (a) of the Tariff Act of 1930 as amended by the French Trade Agreement reported in T. D. 48316, which was then in force and effect. These provisions, imposing such duty, read as follows:

Women's and children's gloves, wholly or in chief value of leather, whether wholly or partly manufactured, when seamed by hand, but not lined, and not trimmed with fur, not over 12 inches in length.

The protest claim is that the merchandise is properly classifiable for duty purposes under the provisions of paragraph 1532 (a), *supra*, as amended by the Czechoslovakian Trade Agreement reported in T. D. 49458, which read as follows:

Women's and children's gloves, wholly or in chief value of leather, whether wholly or partly manufactured, when machine seamed, but not lined, and not trimmed with fur, and not over twelve inches in length:

| | |
|---|---|
| Overseamed | $5 per dozen pairs |
| Other than overseamed | $5 per dozen pairs plus $1 additional per dozen pairs. |

As it has been stipulated by counsel that the gloves in issue are not overseamed, the sole issue is whether they have been "seamed by hand" or "machine seamed."

Certain exhibits were offered and received in evidence without objection at the trial of the issue, and may be described as follows: Exhibit 1 consists of a suede leather glove the seams around the fingers of which, according to the record, were sewn by machine, while the side seams were sewn by hand. Exhibit 2 consists of a pair of leather gloves having both the finger and side seams sewn by machine, after which the side seams were sewn again by hand, the latter being so sewn, it appears, for the purposes of embellishment only. Collective illustrative exhibit A consists of two gloves, one of fabric and one of leather, completely sewn by hand.

On the merits of the case, two witnesses testified for the plaintiff and one for the defendant. From their testimony it appears that the terms "seamed by hand" or "machine seamed" are not used in the trade, gloves being known either as "hand sewn," or, if machine sewn, by the name of the stitch used, as, for instance, in the case of the gloves at bar, "piqué sewn." It also appears that only a glove which has all the finger seams closed and sewn by hand is known in the trade as a "hand sewn glove."

Both witnesses for the plaintiff testified that exhibits 1 and 2 would not be known as "hand sewn" gloves, but as "piqué sewn" gloves, while defendant's witness said that exhibit 1 would be known as a "novelty" glove and exhibit 2 as a "novelty glove with some hand detail on it." All witnesses agreed that the gloves in collective illustrative exhibit A would be known as "hand sewn" gloves.

In the brief filed on behalf of the plaintiff it is contended that the most important part of a glove is the fingers, and that the process of machine seaming the fingers of exhibits 1 and 2 dedicated them to that type of gloves, and, therefore, excluded them from the category of gloves "seamed by hand."

In the brief filed on behalf of the Government it is argued as to exhibit 1 that although the fingers had been machine seamed nevertheless the article was not a finished glove until the sides had been joined. This having been done by hand, it is contended that the article is a glove "seamed by hand." It is further argued, as to that exhibit, that the merchandise is covered equally by the competing provisions, and hence the highest rate rule of paragraph 1559 of the Tariff Act of 1930 should be applied. As to exhibit 2, it is argued that, although all the seams were sewn by machine, an extra hand-seaming was added on the sides, which, it is claimed, made it readily distinguishable from the glove known as "machine seamed" and brought it within the classification "seamed by hand."

The terms "seamed by hand" and "machine seamed" first appeared in paragraph 1532 (a) of the Tariff Act of 1930, but resort to the legislative history of the provision fails to cast any light on the precise meaning Congress intended the words should have. Further, it appears from the record that the partly hand-sewn and partly machine-sewn glove first appeared on the market in 1932, after the passage of the Tariff Act of 1930 but prior to the negotiation of the trade agreements here involved, which use the same terms as were used in the tariff act, *supra*.

In our view the terms "seamed by hand" and "machine seamed" are mutually exclusive. This view is based upon our belief that the glove intended to be covered by the provision for gloves "seamed by hand" is the glove which the trade knows as a "hand sewn" glove. It is apparent from the testimony of the witnesses that the term "hand sewn" refers to the seams of the gloves, and it is clear that gloves of the type of exhibits 1 and 2 herein are excluded from the category of "hand sewn" gloves. We therefore conclude that it follows that they are excluded from the category of gloves "seamed by hand."

Judgment will therefore issue sustaining the protest claim as to the gloves in issue, and directing the collector to reliquidate the entries accordingly.